CHEHARDY, Judge.
Third party defendant, Edmond T. Rivas, appeals a summary judgment of May 24, 1979, in favor of defendant, William F. Gil-len, Jr., and against Rivas in the amount of $1,998.20, together with interest from date of judicial demand and court costs. The judgment also was rendered in favor of plaintiff, Richard J. Ganucheau, and against defendant, William F. Gillen, Jr., for the sum of $1,998.20, together with interest from the date of judicial demand and court costs; however, that portion of the decision has not been appealed.
It was uncontroverted that in December of 1977 plaintiff contracted with Gillen to do certain renovations on two residences owned by Ganucheau on the terms of reimbursements for all costs, expenses for material and labor, plus a 20% additional charge for overhead profit and insurance. In response to statements presented to the plaintiff for labor, materials and subcontracted work, plaintiff made payments to Gillen in the form of checks drawn to the order of French Quarter Restoration and Development Co., a company which was actually a partnership of Gillen and Rivas. Among other bills presented to the plaintiff by Gillen were invoices from George Kellet & Sons, Inc. (Kellet). In January of 1978 the plaintiff was notified by Kellet that it had placed a lien on his two residences for unpaid bills in the amounts of $1,808.20 and $190, and Ganucheau then filed suit against Gillen. Gillen conceded in his deposition the monies paid to him by Ganucheau had been deposited in the French Quarter account and used to pay overdue debts of the partnership, rather than the Kellet invoices.
Ganucheau filed suit against Gillen on January 31, 1978. Gillen, on March 15, 1978, filed an answer and a third party plaintiff suit against Rivas as third party defendant, his partner in the entity known as French Quarter Restoration and Development Co.
Subsequently in the matter of William F. Gillen, Jr. v. Edmond T. Rivas, No. 78-766 on the docket of the Civil District Court for the Parish of Orleans, a consent judgment was signed by Rivas, Ganucheau, Gillen and Gillen’s attorney, which, in part, provided:
*566 “IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the partnership known as French Quarter Restoration and Development [Co.] is hereby dissolved nunc pro tunc as of the date, March 30,1978, and the defendant herein, Edmond T. Rivas, is to assume all assets, rights, and liabilities of said partnership, and said defendant, Edmond T. Rivas, is to hold harmless and indemnify plaintiff, William F. Gillen, Jr., from any and all claims arriving out of the operation of said partnership, and that the main demand in these proceedings be, and the same is hereby dismissed with prejudice.”
Gillen filed a motion for summary judgment based on the above consent judgment. In giving his reasons for the summary judgment granted in favor of Ganucheau and Gillen, the trial judge stated:
“The Court after considering the affidavits attached thereto is of the opinion that the Summary Judgment should be granted herein on behalf of Mr. Ganu-cheau against Mr. Gillen.
“Considering the nature of the affidavit filed herein by Mr. Gillen on the Third-Party Petition and the attached certified copy of the consent judgment entered into by Mr. Edmund [sic] T. Rivas in Case No. 78-766 dated February 21, 1979, the Court concludes that this was a partnership debt owed by Mr. Gillen and that under the agreement Mr. Rivas assumes the partnership liability, therefore, Summary Judgment is hereby granted to Mr. Gillen against Mr. Rivas.”
Since the only issue before this court is the May 24, 1979 judgment of the trial court in favor of defendant, William F. Gillen, Jr., and against Edmond T. Rivas in the amount of $1,998.20, and Rivas in the February 21, 1979 consent judgment agreed to assume all assets, rights and liabilities of the partnership and to hold harmless and indemnify Gillen from any and all claims arising out of the operation of the said partnership and that portion of the judgment finding Gillen indebted to Ganucheau in the amount of $1,988.20 has not been appealed, the judgment decreeing Rivas must indemnify Gillen for the entire amount owed by the partnership will not be disturbed by this court. We do not find any material issue of fact still to be resolved.
Accordingly, the district court judgment is affirmed in all respects.

AFFIRMED.